**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Judith Walker, ) | No. 08-0878-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Los Angeles County, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Judith Walker's ("Plaintiff") Motion to Remand (Doc. # 12) to the Yuma County Superior Court ("Superior Court"). Also pending before the Court is Plaintiff's several Motions for Entry of Default (Docs. # 19-27, 29, 33) and her Motion for Default Judgment (Doc. # 30). Finally, Los Angeles County, et al., ("Defendants") have filed a Motion to Dismiss for Improper Venue or in the alternative, a Motion to Transfer (Doc. # 28). The Court now addresses these Motions.

**I. PROCEDURAL HISTORY**

Plaintiff filed her first action against Defendants on February 14, 2001 in the U.S. District Court for the Central District of California. She sought to enjoin criminal enforcement of her alleged failure to pay child support. This case was dismissed with prejudice on June 19, 2001. On or around September 5, 2002, Plaintiff filed her second action in the Central District of California against Defendants for violating her civil rights, engaging in malicious prosecution, and violating her right to a speedy trial. That case was

1  dismissed as to all Defendants on March 31, 2008. On April 22, 2008, Plaintiff filed a Notice
2  of Appeal, and then on April 24, 2008 an amended Notice of Appeal, to the Ninth Circuit
3  Court of Appeals. The Appeal is currently pending.

4  On May 16, 2007, Plaintiff filed this action in the Superior Court. The Superior Court
5  found that her original filing failed to comply with the Arizona Rules of Civil Procedure.
6  (Superior Ct. Order, March 7, 2008 2.)  Plaintiff thereafter filed an Amended Complaint
7  alleging various claims including negligence, retaliation, conspiracy, libel, malicious
8  prosecution, fair credit violation, invasion of privacy, and section 1983 violations of the
9  Constitution. Specifically, Plaintiff claims that Defendants placed Plaintiff's name and social
10 security number on a list alleging that she owed child support, and the list was then sent to
11 the California State Bar, California Medical Board, Department of Motor Vehicles, and the
12 U.S. Department so she would be denied a passport. (Am. Compl. 6-7.) Further, she argues
13 that Defendants garnished her wages while she was working at a New Mexico law firm and
14 credit reporting agencies were informed that Plaintiff was delinquent in paying her child
15 support. (Id.)

16 Defendants filed a Motion to Dismiss in Superior Court, arguing insufficiency of
17 service of process and lack of personal jurisdiction. (Def.s' Mo. to Dismiss, Oct. 10, 2007
18 3.) The Superior Court denied Defendants' Motion with prejudice unless they filed a Motion
19 for an evidentiary hearing on the minimum contacts issue within 10 days. (Id. at 9.) At least
20 one Defendant filed a Motion for such a hearing within the required time period, but the case
21 was removed to federal court before a hearing could take place. The Superior Court Order
22 also found that Plaintiff failed to file a proper Affidavit of Service and Defendants would not
23 have to answer until the later of Plaintiff properly serving Defendants and filing a proper
24 Affidavit or the Superior Court denying the Motion to Dismiss with prejudice.[1]

25

26 [1]The Court interprets the Superior Court Order's finding that Plaintiff did not properly
27 serve "any of the Defendants" to include all of the Defendants, notwithstanding Plaintiff's
   argument in her Motion for Rule 11 Sanctions that the Superior Court Order was only
28 referring to Greta Wallace and the California Department of Support Services.

- 2 -

1  On May 7, 2008, all Defendants, except Greta Wallace and the California Department of Child Support Services, filed a notice of removal in which they waived any defect in service. On June 4, 2008, Plaintiff filed a Motion to Remand this case to Superior Court and later filed several Motions requesting Entry of Default. The clerk did not enter default for any of the Defendants. Plaintiff, having mistakenly believed that Default was entered, filed a Motion for Default Judgment. When Plaintiff realized her mistake, she thereafter filed a Motion for Entry of Default for all Defendants. Also, Defendants filed a Motion to Dismiss for Improper Venue or in the alternative, a Motion to Transfer.

## II. DISCUSSION

### A. Motion for Remand

Plaintiff argues that removal is improper and this case should be remanded to Superior Court. The Defendants of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. However, Defendants have the burden of establishing federal jurisdiction and "the removal statute is strictly construed against removal jurisdiction." Etheridge v. Harbor House Restaurants, 861 F.2d 1389, 1393 (9th Cir. 1988). Defendants have adequately shown in their Notice of Removal that at least some of Plaintiff's claims arise under federal law. They therefore have established federal jurisdiction. In addition to jurisdiction, Plaintiff also argues that removal is improper because: (1) removal is untimely; (2) not all of the Defendants have joined in the Notice of Removal as required by 28 U.S.C. § 1446(b); (3) the Superior Court has already made several rulings adverse to the County of Los Angeles and the removal is an attempt to collaterally attack those rulings; and (4) Iafrate and Associates were not authorized to represent the County when the Notice of Removal was filed with this Court. (Pl.'s Mo. for Remand 2.)

**1. Timely Removal**

Plaintiff argues that removal in this case should not be allowed because it is untimely. (Id. at 3.) In order for removal to be timely,

> the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The 30 day time period begins to run when formal service occurs, not actual receipt of only the complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

Plaintiff argues that the 30 day time period begins to run when the Defendants receive the initial pleading and the pleading reveals on its face the facts necessary for federal court jurisdiction. (Pl.'s Mo. for Remand 4.) Plaintiff further argues that the Superior Court found Defendants were adequately served around September 4, 2007. (Pl.'s Reply to Def.s' Resp. to Mo. to Remand 4.) To support this contention, Plaintiff cites the Superior Court's Order of March 7, 2008 where it concluded that "Defendants' respective other contentions as to insufficiency of service of process and insufficiency of process, and contentions as to comity and full faith and credit, are found to be without merit." (Superior Ct. Order, March 7, 2008 8.) As Defendants note, however, the state court also concluded in the proceeding paragraph of the same Order that given

> all the incomplete, erroneous, conflicting and confusing Affidavits of Service and evidence [Plaintiff] has submitted, the court cannot find that any of the defendants in fact received the summons and a pleading; nor can the court determine which pleading was dispatched by Walker. These defects are not grounds for dismissing the complaint. However, until there is proper service and compliance with Rule 4.2(c), Defendants are not obligated to answer.

(Id.) The Court ordered that Defendants are required to answer only after each Defendant is served and Plaintiff files a proper 4.2(c) Affidavit of Service or the Court orders a motion to dismiss with prejudice, which ever occurs later. (Id. at 9.) Plaintiff has not filed a proper Affidavit of Service and Defendants did not waive the defects in service until they filed their

- 4 -

Notice of Removal on May 7, 2008. Therefore, the 30 day time period for removal did not begin to run until May 7, 2008, and Defendants' Notice of Removal is timely.

### 2. Joining of Defendants

Plaintiff also argues that not all of the Defendants were joined in the notice of removal as required by statute. When removal is requested, all Defendants in a state action must join in the petition, except for nominal, unknown or fraudulently joined parties. 28 U.S.C. § 1446(b); Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1060 n.5 (9th Cir. 2002). This requirement, however, only applies to Defendants who have been properly served in the action. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 (9th Cir. 1988.)

As stated above, although the Superior Court did not dismiss the Complaint for improper service, it could not find that Defendants had received the summons and a pleading, given the "incomplete, erroneous, conflicting and confusing Affidavits of Service" Plaintiff filed. (Superior Ct. Order, March 7, 2008 8.) Plaintiff cites Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261 (9th Cir. 1999), to argue that even if all Defendants did not need to join in removal, Defendants who filed the Notice of Removal must explain why the other Defendants did not join. Unlike Prize, however, where some of the Defendants who did not join in removal were properly served, the Superior Court in this case found that Plaintiff failed to properly serve any of the Defendants. Id. at 1266. All Defendants, except Gretta Wallace and the California Department of Support Services, filed a Notice of Removal on March 7, 2008 and waived any defect in service. The other parties who did not join in removal have not been properly served and did not waive the defects in service.[2] Therefore, joinder of all of the Defendants in the Notice of Removal was not required.

---

[2] Plaintiff also argues that Curtis L. Child was misjoined. This problem was corrected, however, when Defendants filed an Errata (Doc. # 14), which indicates that Curtis L. Child was mistakenly added to the Notice of Removal. Therefore, the Court will not address Plaintiff's argument further.

- 5 -

**3. Collateral Attack on the Superior Court's Rulings**

Plaintiff also argues that this case should be remanded because Defendants are using removal as an opportunity to attack previous Superior Court decisions. Once a case is removed to federal court, however, the law of the case applies and "the federal court takes the case up where the State left it off." Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70, 415 U.S. 423, 436 (1974) (quoting Duncan v. Gegan, 101 U.S. 810, 812 (1880).

Specifically, Plaintiff argues that Defendants show they want to relitigate issues by filing a Motion to Dismiss for Improper Venue and noting in their Notice of Removal that they still object to personal jurisdiction. (Pl.'s Reply to Def.s' Resp. to Mo. to Remand 6.) Defendants argue that they are not trying to remove to relitigate or undermined previous Superior Court rulings. (Def.s' Resp. to Mo. to Remand 7-8.) Plaintiff correctly notes that once a Motion to Dismiss is filed in a case, improper venue is waived if not included in the original Motion. FED. R. CIV. P. 12(g). Defendants did not raise improper venue when they filed their Motion to Dismiss in Superior Court. Therefore, Defendants have waived improper venue as a grounds for dismissal.

As for personal jurisdiction, the Superior Court denied Defendants' Motion to Dismiss for lack of personal jurisdiction with prejudice if Defendants failed to file a Motion within 10 days for an evidentiary hearing on the minimum contacts issue. The record indicates that at least one Defendant filed such a Motion within the 10 day time frame, although some other Defendants may have filed their Motion past the deadline. Plaintiff objected to Defendants request for an evidentiary hearing as untimely. The Superior Court, however, did not rule on this issue before the case was removed to federal court. Therefore, this issue has not been conclusively decided and Defendants may still argue that personal jurisdiction does not exist in Arizona.

**4. Unauthorized Counsel**

Plaintiff finally argues that the case should be remanded to Superior Court because Iafrate and Associates was not authorized to represent the County Defendants when they

- 6 -

filed their Notice of Removal. (Pl.'s Mo. to Remand 6.) Plaintiff argues that the relevant attorneys of Iafrate and Associates were not substituted in as attorneys of record until May 9, 2008, and the Notice of Removal was filed on May 7, 2008. (Id.) Although Plaintiff accurately states the substance of the state court rule regarding substitution of counsel, Iafrate and Associates are the only counsel of record to appear in federal court. Therefore, an order granting substitution of counsel in federal court is not necessary for proper removal.

### B. Motion for Entry of Default and Default Judgment[3]

Plaintiff filed a Motion for Entry of Default for each Defendant. Plaintiff incorrectly thought that Default was entered and filed a Motion for Default Judgment on August 14, 2008. Realizing her mistake, Plaintiff filed a Motion for Entry of Default against all Defendants on August 25, 2008. Plaintiff argues that Default should be entered against the Defendants for failing to answer. After a case is removed, "[a] Defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of . . . 20 days after being served with a summons for an initial pleading on file at the time of service; or . . . 5 days after the notice of removal is filed." FED. R. CIV. P. 81(c). Further, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). The Ninth Circuit, however, follows a policy that cases should be decided on the merits whenever possible. Community Dental Services v. Tani, 282 F.3d 1164, 1170 (9th Cir. 2002.) A default judgment is a drastic step and should be limited to more extreme circumstances. Id.

---

[3] Though Plaintiff requested oral argument on Plaintiff's Motions for Entry of Default, Default Judgment, and Motion to Strike, and Defendant's Motion to Dismiss for Improper Venue and Motion to Transfer, because both the parties submitted memoranda discussing the law and evidence in support of their positions and oral argument would not have aided the Court's decisional process, the Court will not set oral argument on these Motions. See e.g., Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp., 933 F.2d 724, 729 (9th Cir. 1991).

1 Plaintiff argues that Defendants failed to answer and default judgment should be
2 entered based on Rule 81(c). (Pl.'s Mo. for Entry of Default, August 21, 2008 2.) Plaintiff
3 cites Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884 (9th Cir. 2001), to argue that
4 Defendants' failure to follow rule 81(c) is grounds for a default judgment. (Pl.'s Reply to
5 Def.s' Resp. to Mo. for Entry of Default 2.)  Defendants respond by arguing that they have
6 fulfilled the "otherwise defend" portion of rule 55(a) by filing a Motion to Dismiss, both in
7 Superior Court and in federal court, and by filing other documents with the Court. (Def.s'
8 Resp. to Pl.'s Mo. for Entry of Default 2-3.)

9 Unlike the Defendant in Speiser, who filed a notice of removal and failed to file any
10 other objections, Defendants in this case have filed multiple documents, including two
11 Motions to Dismiss.  One Motion was filed in Superior Court and argued improper service
12 of process and lack of personal jurisdiction.  The second Motion was filed with this Court
13 and argued improper venue, or in the alternative, to transfer this case to the Central District
14 of California.  Plaintiff correctly notes that Defendants filed their Motion to Dismiss and
15 Motion to Transfer outside of the 20 day time period stated in Rule 81(c).  Although this is
16 the case, given the Ninth Circuit's policy that favors reaching the merits of a claim, and that
17 Defendants filed two Motions to Dismiss, this Court will not enter Default in this case.
18 Plaintiff's Motions for Entry of Default and Default Judgment are denied.

19 **C. Motion to Dismiss and Motion to Transfer**

20 Defendants have also filed a Motion to Dismiss for Improper Venue.  As Plaintiff
21 correctly points out, however, improper venue is waived if not included in Defendants' first
22 filed Motion to Dismiss. FED. R. CIV. P. 12(g).  Here, Defendants filed a Motion to Dismiss
23 in Superior Court and argued insufficiency of service of process and lack of personal
24 jurisdiction.  Defendants failed to include improper venue in that Motion to Dismiss and
25 therefore, have waived that objection.

26 In the alternative, Defendants request that this case be transferred to the U.S. District
27 Court for the Central District of California. The Court has the power to transfer venue under
28 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of the parties and witnesses, in

1 the interest of justice, a district court may transfer any civil action to any other district or 2 division where it might have been brought." It is not disputed that this case could have been 3 brought in the Central District of California. Therefore, the relevant inquiry is regarding 4 which forum best serves the convenience of the parties and witnesses and the interest of 5 justice.

6 The doctrine of forum non conveniens has been replaced by § 1404.[4] Section 1404(a) 7 requires the [C]ourt to weigh multiple factors in its determination [of] whether transfer is 8 appropriate in a particular case." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th 9 Cir. 2000). These factors may include the plaintiff's choice of forum, the extent of the 10 parties' contacts with the forum, the differences in the costs of litigation in the two forums, 11 the contacts in the forum relating to the plaintiff's cause of action, the availability of non-12 party witnesses, the availability of compulsory process to compel attendance of unwilling 13 non-party witnesses, and the accessibility of evidence. Id. at 498-99. In addition, "the 14 relevant public policy of the forum state, if any, is [a] significant factor in the § 1404(a) 15 balancing." Id. at 499. Plaintiff's choice of forum is to be given greater deference where the 16 plaintiff has chosen its home forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 266 (1981). 17 Although Plaintiff in this case chose her home forum, this factor is not dispositive when the 18 parties contacts with Plaintiff's chosen forum are limited. See Pacific Car & Foundry Co. 19 v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)

20 **1. Convenience of Parties and Witnesses**

21 Aside from Plaintiff's choice of forum, another important factor for this Court to 22 consider is the parties' contacts relating to the cause of action. Defendants argue that all of 23 the alleged events giving rise to Plaintiff's allegations occurred in California. (Def.s' Mo. to

---

[4]Plaintiff often refers to the factors enumerated in Golf Oil Corp v. Gilbert, 550 U.S. 501 (1947), in her brief. Although some of these factors are still analyzed when considering whether transfer is appropriate under § 1404, Golf Oil and forum non conveniens have been superseded by statute. Therefore, the Court will consider Plaintiff's arguments in regards to weighing the relevant factors under § 1404, but will not rely on Golf Oil as authority.

- 9 -

1  Dismiss, August 7, 2008 12.)   Further, Defendants argue that all of the Defendants are
2  located in California. (Id. at 10-11.) In response, Plaintiff argues that Defendants have failed
3  to prove they have no contacts with Arizona.  (Pl.'s Resp. to Def.s' Mo. to Dismiss 5-6.)
4  Plaintiff cites the Superior Court's denial of Defendants' Motion to Dismiss with prejudice
5  concerning the Superior Court's ability to exercise personal jurisdiction over the Defendants.
6  (Id.)  That Order, however, was only denied with prejudice if Defendants did not thereafter
7  file a motion for an evidentiary hearing within 10 days. (Superior Ct. Order, March 7, 2008
8  9.)  Defendants filed a Motion to the Superior Court for an evidentiary hearing and Plaintiff
9  objected to that Motion as untimely.  The Superior Court never ruled on the parties' Motions,
10 however, and therefore the Superior Court did not conclusively decide that Defendants have
11 adequate contacts with Arizona.

12       Plaintiff also cites Calder v. Jones, 465 U.S. 783 (1984), and Brainerd v. Governors
13 of the University of Alberta, 873 F.2d 1257 (1989), to argue that a plaintiff may sue for
14 defamation in the forum where the injury occurred and where the defamation was published.
15 (Pl.'s Resp. to Def.s' Mo. to Dismiss 5-6.)  Plaintiff further argues that the acts giving rise
16 to her defamation and Fair Credit Reporting Act ("FCRA") claims occurred in Arizona
17 because that is where her credit and reputation were tarnished.  (Id. at 6.)  Plaintiff notes that
18 the information she claims is false and adversely affected her reputation was transmitted to
19 the National Bank of Arizona in Yuma and the Best Buy in Yuma.  (Id. at 7.)

20       Although Plaintiff is correct in stating that she is free to bring a defamation case in
21 Arizona, and some of the alleged harm over which Plaintiff is suing occurred in Arizona,
22 both parties have several contacts with California that are relevant to Plaintiff's cause of
23 action. Further, Plaintiff claims she has not lived in Los Angeles since 1993.  Plaintiff did,
24 however, live in Rancho Mirage, California until May 2006.  (Superior Ct. Order, March 7,
25 2008 3.)  Therefore, Plaintiff lived in California when at least part of the actions she alleges
26 give rise to her claims occurred.  The underlying events that led to Plaintiff's claims, the
27 County sending her name on a list of support obgligors to the Medical Board of California,
28 State Bar of California, and Department of Motor Vehicles and U.S. Department, occurred

- 10 -

1  in California. As a result, many of the potential witnesses are located in California. Also,
2  much of the evidence will most likely come from California, including evidence concerning
3  Defendants' policies in determining who owes child support and enforcement of child
4  support obligations. Communications between Defendants and the relevant California State
5  agencies is also more easily obtained in California. Although Defendants may have been
6  aware that Plaintiff lived in Arizona and may have purposely availed themselves to Arizona
7  by engaging in behavior they knew would harm an Arizona resident, both parties have
8  several contacts with the Central District of California. The parties' contacts with Arizona
9  are more tenuous. Therefore, this factor weighs heavily in favor of granting Defendants'
10 Motion to Transfer.

11 A related factor is the availability of compulsory process to compel attendance of
12 unwilling, non-party witnesses. Subpoenas issued by this Court for non-party witnesses are
13 more likely to be quashed or modified by Motion, given that many of the witnesses will have
14 to travel over 100 miles to a different state. See FED. R. CIV. P. 45(C)(3). This is much less
15 likely to be an issue if the case were transferred to California because the Central District
16 Court of California will have more authority to compel witnesses to attend trial and related
17 proceedings. Therefore, this factor weighs in favor of transfer.

18 Another factor is whether there is another related case pending in the forum to which
19 Defendants wish to transfer. As stated above, there is another action Plaintiff filed in the
20 Central District of California that is now pending on Appeal to the Ninth Circuit. Plaintiff
21 argues that a request for transfer is usually denied when there is no prospect of consolidating
22 parallel proceedings in different jurisdictions. (Pl.'s Resp. to Def.s' Mo. to Dismiss 11-12.)
23 Plaintiff correctly states that these cases will most likely not be consolidated because the
24 previous case filed in California is pending on appeal to the Ninth Circuit. Therefore, this
25 factor weighs against transfer. Plaintiff incorrectly states, however, that if the cases can not
26 be consolidated, transfer should be denied. Defendants' Motion for Transfer is not
27 automatically defeated if there are other factors that weigh in favor of transfer.

28

1    Plaintiff also argues that because of a crowded docket, there will be less access to the
2 Central District of California than to Superior Court. (Id. at 14.)  Having denied Plaintiff's
3 Motion for Remand, the question of ease of access to the courts is between this Court and the
4 Central District Court of California.  Plaintiff fails to provide support for the contention that
5 there will be less access to the Central District Court of California than there is to this Court.
6 Therefore, this factor does not weigh in favor of denying or granting transfer.

7    This Court must also consider the cost of litigation for each party.  The cost of
8 litigation would be greater for Plaintiff if the case is transferred because Plaintiff would have
9 to travel for court appearances.  However, the burden on Defendants and witnesses, many
10 of whom reside in California, would be lessened.  Plaintiff does not provide any potential
11 witnesses that reside in Arizona.  Therefore, this factor favors transfer.

12    Plaintiff also argues that transferring this case would not fulfill the remedial purpose
13 of § 1404 because the transfer will provide roadblocks to the litigation. (Pl.'s Resp. to Def.s'
14 Mo. to Dismiss 2.)  Section 1404 was enacted in order to prevent the waste of time and
15 money, and to protect parties and witnesses from unnecessary inconvenience.  Van Dusen
16 v. Barrack, 376 U.S. 612, 616 (1964).  Plaintiff argues that transfer gives Defendants another
17 opportunity to delay the proceedings. (Pl.'s Resp. to Def.s' Mo. to Dismiss 4.)  Plaintiff's
18 argument, however, is without merit.  Plaintiff herself has delayed the proceedings by failing
19 to properly serve Defendants and file a proper Affidavit of Service.  Further, many of the
20 witnesses are located in California.  Therefore, transfer would increase, not inhibit, the
21 efficiency of trying this case.

22    Finally, public policy considerations are also an important factor for this Court to
23 consider.  Plaintiff claims that Arizona has a strong policy in regulating professional and
24 occupational licences in order to ensure the health and safety of its own citizens, and a strong
25 policy interest in ensuring that Arizona's economy is not harmed. (Id. at 14-15.)  Plaintiff
26 correctly notes that Arizona has an interest in protecting its citizens.  Plaintiff's argument
27 concerning Arizona's interest in regulating licenses, however, is not very strong in this case
28 because it was the California Board of Medicine and the California Bar that received

Plaintiff's name as a obligor of child support. Although its conceivable that Plaintiff's failure to obtain professional licenses in California could have an effect on her ability to obtain a professional license in Arizona, Arizona's public policy interest is less than overwhelming. Therefore, this factor only weighs slightly in favor of denying Defendants' Motion to Transfer.

Overall, the weighing of the above factors leads to the conclusion that it is more convenient for the parties and potential witnesses to transfer this case to the Central District of California.

### 2. Interests of Justice [5]

In addition to the convenience of the parties and witnesses, Plaintiff argues that Defendants' Motion to Transfer should be denied because transfer would hinder the interests of justice. Specifically, Plaintiff argues that transferring this case would be inherently prejudicial because it would delay the proceedings. (Id. at 4-5.) As stated above, however, Plaintiff herself delayed the proceedings by failing to make proper filings with the Superior Court to show that Defendants were properly served. (Superior Ct. Order, March 7, 2008 9.) Therefore, transfer will not be inherently prejudicial.

Plaintiff further argues that Defendants have admitted that transfer could have been sought under Arizona law, but was not, and therefore Defendants have waived their ability to seek transfer in this case. (Pl.'s Resp. to Def.s' Mo. to Dismiss 4.) The only reference that Defendants make to Arizona law, however, is in regards to their argument that the case should be dismissed for improper venue. As stated above, the Court found Defendants

---

[5]Plaintiff argues Eleventh Amendment Immunity will bar her claims if the case were transferred to the Central District of California. The Court will not discuss whether the Los Angeles County is cloaked in state immunity from suit because the Supreme Court has held when a party removes a case to federal court, they can not later claim Eleventh Amendment Immunity. Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 619-20 (2002). Plaintiff also argues throughout her brief that default was entered against the Defendants. Default, however, was never entered. Therefore, the Court will not address Plaintiff's arguments relating to entry of default against Defendants.

- 13 -

waived improper venue as a grounds for dismissal. Whether this case could have been transferred under Arizona law is not relevant to whether transfer from this Court to another federal court is appropriate.

Plaintiff also argues that under Arizona law, Plaintiff is entitled to a presumption that she will not get a fair trial in the County she is suing. (Id. at 10.) This case, however, has been removed to federal court and federal law will apply. Therefore, Plaintiff is not entitled to any presumptions afforded only by state law.

In addition to the above arguments, Plaintiff also claims that transfer is inappropriate because it would leave behind three non-removing Defendants in Superior Court, thus splitting up the action. (Id. at. 3.) Plaintiff argues that the statute of limitations would bar her claims against the Defendants who did not join in removal. If transferred, however, this case would be transferred to the Central District Court of California as one case with no Defendants being left behind. Until Plaintiff properly serves the non-removed Defendants, they are not required to answer Plaintiff's Complaint. Therefore, the fact that there are three Defendants who did not join in removal does not support the argument that a transfer in this case is improper.

Plaintiff also argues that Defendants are attempting to relitigate issues that have already been decided by the Superior Court, mainly Defendants' contacts with Arizona. (Id. at 7.) Defendants correctly discuss their lack of contacts with Arizona in regards to this Motion, however, because contacts with the forum is one factor to be weighed in a § 1404 analysis. Further, as stated above when Plaintiff made a similar argument in her Motion to Remand, the Superior Court never conclusively decided whether personal jurisdiction exists in Arizona. Therefore, Defendants discussion of their lack of contacts with Arizona is not barred by collateral estoppel.

Finally, Plaintiff argues that Defendants are barred by judicial estoppel from arguing that this case should be litigated in the Central District of California. (Id. at 10-11.) Specifically, Plaintiff contends that since Defendants argued against allowing her to amend her complaint in her previous action filed in the Central District of California, they can not

1 now argue that the case should be transferred to California. (Id.) Similarly, Plaintiff argues
2 that Defendants are estopped from claiming that this case should be transferred to the Central
3 District of California, when on an appeal in the previously filed action against Defendants
4 before the Ninth Circuit, Defendants argued that related issues should not be litigated in the
5 Central District of California. (Id.) Plaintiff is correct that Defendants would be estopped
6 from arguing contradictory positions on the same issues in this Court and in the Central
7 District Court of California. See generally Hamilton v. State Farm Fire & Cas. Co., 270 F.3d
8 778, 782-83 (9th Cir. 2001). However, Plaintiff fails to attach any document that Defendants
9 filed where they argued that the issues presented in this case can not be litigated in the
10 Central District of California. A copy of the docket list is not adequate to support Plaintiff's
11 argument for judicial estoppel. Without Defendants' actual filings, this Court has no way of
12 evaluating Defendants' arguments in the case pending before the Ninth Circuit. Therefore,
13 any opposition that Defendants have in the separate litigation filed in California is not
14 sufficient to support the argument that transfer of this case is against the interests of justice.

## III. CONCLUSION

Based on the forgoing,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. # 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default (Docs. # 19-27, 29, 33) and Default Judgment (Doc. # 30) are **DENIED**.

**IT IS FURTHER ORDERED** that for same reasons this Court articulated above as to why that it will not enter default or grant a default judgment, Plaintiff's Motion to Strike, which seeks to strike the now pending response to her complaint (Doc. # 38) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Improper Venue (Doc. # 28) is **DENIED** and Defendants' Motion to Transfer (Doc. # 28) is **GRANTED**; accordingly, the Clerk of the Court shall transfer this case to the U.S. District Court for the Central District of California.

**IT IS FURTHER ORDERED** that Plaintiff file an Affidavit with the U.S. District Court for the Central District of California, within 21 days, to prove that the defendants who not waived service have been properly served.[6]

**IT IS FURTHER ORDERED** that the Motion for Sanctions (Doc. #40) remains pending before the California Court.[7]

DATED this 1st day of October, 2008.

_____
James A. Teilborg
United States District Judge

---

[6] See Doc. #13 at 1 for an explanation of which Defendants have waived service.

[7] The Court notes that Plaintiff has also filed 3 items (Docs. # 42-44) in "support" of her motion for summary judgment. However, Plaintiff never actually filed a motion for summary judgment. Therefore, this Court will leave to the California court to decide whether to treat these filings as effectively being a motion for summary judgment.